OPINION
{¶ 1} Shannon Marie Graham and Michael Patrick Graham were married on April 21, 1981. The couple parented four children during their marriage. On December 8, 1995, Shannon filed for a divorce.
{¶ 2} In February of 1996, Shannon and Michael agreed to a shared parenting plan for the children and the plan was made an order of the domestic relations court. On the same day, an agreed judgment entry/decree of divorce was journalized, terminating the marriage.
{¶ 3} In January of 2000, Shannon and Michael amended their agreed shared parenting plan. Michael was designated the residential parent for two of the children. Shannon was designated the residential parent for one of the children. The oldest child was no longer subject to a court order allocating parental rights and responsibilities.
{¶ 4} By August of 2000, the parties were no longer in agreement as to the best interests of the unemancipated children. Michael filed a motion asking that Shannon be held in contempt for failing to grant him the court-ordered times with the child residing with her. Michael also asked that parental rights and responsibilities be reallocated. The next month he filed a separate motion in which he requested that a guardian ad litem be appointed.
{¶ 5} In November of 2000, an interim magistrate's order was journalized making Shannon the temporary residential parent of the 15-year-old son of the parties. The 15-year old formerly had Michael as his residential parent.
{¶ 6} In January, Michael's attorney filed the first of two motions to withdraw from representing him. The second motion was ultimately granted and Michael began representing himself.
{¶ 7} In June of 2001, a magistrate's order was journalized to compel payment of over $1,000 in unpaid fees for the guardian ad litem.
{¶ 8} In late August of 2001, an agreed magistrate's order was journalized which indicated that Michael's employment had been terminated and that his unemployment benefits had ceased. The order made provisions for discovery to be pursued on the issue of Michael's possible disability.
{¶ 9} In October of 2001, the parties submitted a memorandum of agreement on the allocation of parental rights and responsibilities. The memorandum was acknowledged by both parties in open court. Other pending matters were held off while a social security appeal of Michael's attempt to obtain disability benefits was pursued.
{¶ 10} After the memorandum of agreement was submitted to the magistrate and before it was journalized as a court order, Michael began having misgivings about the agreement. The magistrate conducted a hearing and issued a magistrate's decision which indicated that the agreement should be made an order of the court. The magistrate also addressed child support issues and recommended that child support be fixed at $487.58 from Michael to Shannon with support back dated to September 12, 2000. The magistrate's decision was filed June 3, 2002.
{¶ 11} A judge of the domestic relations court adopted the magistrate's decision in a judgment entry dated the same day, June 3, 2002. On June 10, 2002, the clerk of courts mailed notice that a final appealable order had been filed. The record before this appellate court does not reflect what exactly was served by the clerk of courts. The judgment entry adopting the magistrate's decision did not find immediate relief was justified.
{¶ 12} On June 17, 2002, a second judgment entry adopting the magistrate's decision was filed. The record does not indicate that this entry was served. The judge's signature is affixed by a stamp.
{¶ 13} On July 2, 2002, Michael filed a notice of appeal of the June 3, 2002 judgment. He has filed a brief which does not set forth a separate "assignment of error," but indicates generally that the magistrate proceeded to address the issue of child support before his disability entitlement had been determined.
{¶ 14} Counsel for Shannon has filed a motion asking that the appeal be dismissed because Michael did not file objections to the magistrate's decision and, hence, is arguably barred by operation of Civ.R. 53(E).
{¶ 15} Civ.R. 53 governs the use of magistrates in trial courts. The provisions of Civ.R. 53 are relatively straightforward.
 {¶ 16} Civ.R. 53(E)(1) states:
{¶ 17} "The magistrate promptly shall conduct all proceedings necessary for decision of referred matters. The magistrate shall prepare, sign, and file a magistrate's decision of the referred matter with the clerk, who shall serve copies on all the parties or their attorneys."
{¶ 18} The record before us does not demonstrate that the magistrate's decision in controversy here was ever served upon the parties by the clerk of courts. At most, the magistrate asked that some unknown person send a copy of the magistrate's decision to the guardian ad litem, to counsel for Shannon and to Michael. This request by the magistrate does not trigger the fourteen days for filing of objections to the magistrate's decision. Thus, we cannot bar Michael from assigning as error any matter which could otherwise be barred by operation of Civ.R. 53(E)(3)(b).
{¶ 19} In his brief, Michael, under the category "statement of facts relevant to the issues presented for review" starts with the following statement which can serve as an assignment of error:
{¶ 20} "I am currently waiting a disability hearing and the decision to impute income should not have been made by this district court."
{¶ 21} After the magistrate had decided to enforce the memorandum of agreement, but before the magistrate had filed a magistrate's decision, the magistrate conducted an evidentiary hearing limited to the issue of child support and tax exemptions. Shannon and Michael were the only witnesses. Five documents were admitted as evidence.
{¶ 22} Shannon testified about her income and expenses necessary for health insurance for the children. One of her exhibits was a draft of a child support worksheet.
{¶ 23} Michael testified that he had applied for disability with the Social Security Administration and that he was scheduled for a hearing on his entitlement to disability. He indicated that he was suffering from fibromyaligia, sleep deprivation and concentration problems. He acknowledged that he initially had been turned down for disability compensation based upon a finding that he could work.
{¶ 24} Michael acknowledged that he had earned about $5,000 doing spot labor during calendar year 2001. When he worked for M/I Schottenstein Homes, Inc., ("M/I"), his salary had been $57,000 and he had been eligible for a bonus. Michael attributed the end of his employment with M/I to problems flowing from his medical conditions.
{¶ 25} Michael testified that at times he had received unemployment compensation of $640 every two weeks.
{¶ 26} One of the exhibits at the hearing (plaintiff's Exhibit No. 3) includes a set of findings that Michael was and is capable of returning to his former employment as a systems engineer.
{¶ 27} The evidence before the trial court did not clearly indicate that Michael is in fact disabled. Stated more precisely in legal terminology, the finding that a child support order should be imposed was not against the manifest weight of the evidence.
{¶ 28} Given the fact that Michael did not prove to the trial court that he was in fact disabled, the trial court had to determine what income figure should be attributed to Michael. The trial court heard testimony and received evidence which indicated that Michael was capable of earning $57,000 per year and that his health did not prevent him from resuming such employment. The trial court was not bound to accept the $5,000 of spot-labor income or the funds received via unemployment compensation as reflecting the income Michael should be earning to support his children. Given the minimal evidence about Michael's income potential, the trial court was within its discretion to attribute to Michael the income received at his last full-time job.
 {¶ 29} The single assignment of error is overruled.
{¶ 30} The judgment of the trial court is, therefore, affirmed and the motion to dismiss is denied.
Judgment affirmed; motion denied.
DESHLER, J., concurs.
BROWN, J., concurs in judgment only.